BILL LOCKYER Attorney General THOMAS S. LAZAR Deputy Attorney General
THE HONORABLE JOHN LONGVILLE, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. What are "participating revenue districts" for purposes of the alternative method of distributing tax levies?
2. What are the consequences of being a public district "for which the county treasury is not the legal depository" for purposes of the alternative method of distributing tax levies?
 CONCLUSIONS
1. "Participating revenue districts" for purposes of the alternative method of distributing tax levies are cities and districts for which county officers assess property and collect taxes or assessments and for which the alternative method of distributing tax levies has been implemented.
2. The consequences of being a public district "for which the county treasury is not the legal depository" for purposes of the alternative method of distributing tax levies are that such district's governing board and the board of supervisors must both approve the district's participation in order to implement the program for the district.
 ANALYSIS
The Legislature has adopted a comprehensive statutory scheme (Rev. 
Tax. Code, §§ 4701-4717)[1] "to provide an alternative procedure for the distribution of property tax levies" in order "to simplify the tax-levying and tax-apportioning process and to increase flexibility in the use of available cash resources" (§ 4701, subd. (a)). Instead of a county distributing property taxes to the revenue districts within the county when the taxes have been collected, this alternative procedure, known as the "Teeter Plan" after its author (see Corrie v. County of Contra Costa (1952) 110 Cal.App.2d 210, 214), allows participating revenue districts to receive all taxes that have been levied, including those that are delinquent and not collected. The county "advances" payment of the delinquent taxes to the districts and then recovers such payments, plus penalties and interest, from the delinquent property owners. If necessary, the properties may be sold to cover the delinquent taxes, penalties, and interest. Consequently, the county is protected from any losses and receives the penalties and interest as its "compensation" for making the cash advances to the districts. (Id. at pp. 211-214; see also Herrington v. Weigel (1978) 82 Cal.App.3d 676, 685-686; Montgomery v. County of Contra Costa (1965) 235 Cal.App.2d 759, 764, 767-768.)
1. Participating Revenue Districts
The first question to be addressed is what public entities constitute "participating revenue districts" for purposes of the alternative tax distribution procedure. We conclude that participating revenue districts are cities and districts for which county officers assess property and collect taxes or assessments and for which the alternative tax distribution procedure has been implemented.
Subdivision (a) of section 4702 provides:
 "The procedure authorized by this chapter may be placed in effect in any county by resolution of the board of supervisors of that county adopted not later than July 15th of the fiscal year for which it is to first apply and shall thereafter remain in effect unless the board orders its discontinuance or unless, prior to the commencement of any subsequent fiscal year, the board receives a petition for its discontinuance joined in by resolutions duly adopted by the governing boards of not less than two-thirds of the participating revenue districts in the county, in which event the board shall order discontinuance of the procedure effective at the commencement of the subsequent fiscal year."
Accordingly, the board of supervisors of a county has the discretion to implement the alternative tax distribution procedure. Once the board adopts the procedure, it may order its discontinuance or two-thirds of the "participating revenue districts" may have the alternative procedure terminated for the county.
For purposes of section 4702, a "revenue district" is defined in section 122 as follows: "`Revenue district' includes every city and district for which the county officers assess and collect taxes or assessments." (See § 101.) Applying this statutory definition, we find first that the county itself would not constitute a "participating revenue district." A county is not a city or a district as those terms are normally used.[2] It would be anomalous to suggest that a county should be counted for purposes of the two-thirds vote requirement of section 4702 when the county may discontinue the alternative tax distribution procedure without any vote whatsoever.[3]
A county will typically contain a variety of "revenue districts," such as community service districts, water districts, fire districts, airport districts, hospital districts, resource conservation districts, park districts, sanitation districts, flood control districts, school districts, and community college districts. Under relevant organic laws, each would have a governing board,[4] and county officers would assess and collect taxes or assessments on its behalf. (See, e.g., Health Saf. Code, §§ 8890, 8891, 8910, 8950, 8980, 8982, 8983 [cemetery district].)[5]
As distinguished from these revenue districts are "areas," "zones," "funds," and "accounts" for which a county may levy and distribute property taxes. These are not districts themselves, although they may constitute parts of districts. In a somewhat unique situation are redevelopment agencies. A redevelopment agency is not a district by definition, and its property tax allocation funding is different from that of revenue districts. (See Health Saf. Code, §§33100, 33670,33671; Arcadia Redevelopment Agency v. Ikemoto (1993)16 Cal.App.4th 444, 451.)
In summary, a city (whether general law or charter) or a district may be a "revenue district" if "county officers assess property and collect taxes or assessments" (§ 122) for it. Once that condition has been met, such a revenue district becomes "participating" for purposes of section 4702 by having the alternative tax distribution procedure implemented on its behalf.
We conclude in answer to the first question that participating revenue districts for purposes of the alternative method of distributing tax levies are cities and districts for which county officers assess property and collect taxes or assessments and for which the alternative method of distributing tax levies has been implemented.
2. County Treasury as Legal Depository
The second question presented for resolution concerns the adoption of the alternative method of distributing tax levies by certain public districts. What are the implementation requirements for a public district "for which the county treasurer is not the legal depository"? We conclude that such a district must have both its governing board and the board of supervisors approve its participation in the program.
Section 4715 provides:
 "This chapter shall have no application to tax levies made by counties on behalf of public districts for which the county treasury is not the legal depositary unless agreed to by a resolution of the governing board of the public district and the board of supervisors of the county, adopted in accordance with Section 4702 for the fiscal year in which this procedure is to apply to that public district."
In analyzing the language of section 4715 regarding the public districts in question, we note first that the statute refers to "public districts," whereas section 4702 refers to "revenue districts." Did the Legislature intend to distinguish between the two?
We have found no indication from the language of the statutory scheme as a whole or its legislative history that "public districts" are different from "revenue districts" in the two statutes. No rationale has been suggested why the two terms should be distinguished here. Accordingly, we interpret "public districts" in section4715 as referring to the "revenue districts" of section4702.
Second, section 4715 specifies two conditions for implementing the alternative tax distribution procedure for a public district "for which the county treasury is not the legal depository." In order to participate, such a district must have its own governing board approve implementation of the program and it must have the board of supervisors approve its participation. Without both resolutions, participation by such a district is unauthorized.[6]
Section 4715 refers to the adoption of the implementing resolutions "in accordance with Section 4702 for the fiscal year in which this procedure is to apply to that public district." Section 4702 in turn specifies July 15th as the last day the board of supervisors may adopt the implementing resolution for "the fiscal year for which it is to first apply and shall thereafter remain in effect. . . ." (§ 4702, subd. (a).)
We do not read section 4715 as requiring or authorizing the yearly adoption of implementing resolutions by a public district or the board of supervisors in order for such public district to continue participating in the program. We believe the reference to "the fiscal year in which this procedure is to apply to that public district" refers only to the initial year of participation. Neither the statutory language as a whole nor the legislative history of section4715 suggests that the adoption of implementing resolutions is to be a recurring event for each district.
Hence, once an individual public district becomes a "participating" one for purposes of the alternative tax program, it must continue to be part of the program.[7] The only means by which a participating public district may terminate its participation is for the entire program to be discontinued in the county, either by the board of supervisors itself or by petition of two-thirds of the participating public districts. (§4702, subd. (a).) A participating public district is not authorized to act unilaterally in discontinuing its participation, regardless of whether or not the county treasury is its legal depository.
Finally, we note that section 4715 requires an implementing resolution from a public district only when the county treasury is not its legal depository. By implication, a public district for which the county treasury is its legal depository has no option whether to participate in the alternative tax distribution procedure. Once the board of supervisors adopts the program for a county, such a public district is required to participate.[8]
We conclude in answer to the second question that the consequences of being a public district "for which the county treasury is not the legal depository" for purposes of the alternative method of distributing tax levies are that such district's governing board and the board of supervisors must both approve the district's participation in order to implement the program for the district.
 * * * * *
[1] All references hereafter to the Revenue and Taxation Code are by section number only.
[2] "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.]" (Wilcox v. Birtwhistle (1999)21 Cal.4th 973, 977.)
[3] We are to interpret a statute by giving it "a practical construction" (California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1147), presuming that "the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences" (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1165-1166).
[4] It is conceivable that two or more participating revenue districts may have the same persons as their governing boards. However, the identity of individual board members would not affect whether a particular entity constituted a participating revenue district for purposes of voting under the terms of section 4702.
[5] An individual official would not constitute a "district" under the ordinary meaning of the term.
[6] Whether a particular public district is one "for which the county treasury is not the legal depository" would depend upon the relevant laws governing the district.
[7] Under the terms of section 4702.7, a board of supervisors may discontinue the program for an individual public district that has a delinquency rate exceeding three percent.
[8] However, such a participating public district would have a vote on whether to discontinue the program under the terms of section4702, subdivision (a).